REBECCA S. LUCE, administratrix, *vs.* WILLIAM McLOON.

*Statute of limitations.*

On April 28, 1855, J. & Co., for their own benefit, gave their negotiable promissory note to F., the plaintiff's intestate and the defendant, each of whom indorsed it and duly received notice of its having been protested for non-payment. On April 30, 1855, J. & Co. mortgaged an ample stock of goods to the defendant and another to secure the payment of this and another note, but, in the following October, the defendant discharged the mortgage without receiving payment of the former note. On Dec. 29, 1858, F. took up the note, and, on Dec. 24, 1864, demanded one-third of the amount paid therefor of the plaintiff as administratrix, who paid it and thereupon brought this suit for the amount thus paid. *Held,* that whatever cause of action the plaintiff may have had against the defendant by reason of the note was barred by the statute of limitations.

ON REPORT.

ASSUMPSIT, for that said defendant, at said Rockland, in said Knox county, on the day of the purchase of this writ, being indebted to the plaintiff, as such administratrix, in the sum of five hundred dollars, for so much money before that time paid, laid out, and expended, by the plaintiff, as such administratrix, for the use of the said defendant, at his request, in consideration thereof, then and there promised the plaintiff to pay him the same sum on demand; and the plaintiff avers, that she demands of the defendant the sum so paid to his use, on, to wit, the day of the purchase of this writ.

Also for that said defendant, at said Rockland, in said Knox county, on the day of the purchase of this writ, being indebted to the plaintiff, as such administratrix, in another sum of two hundred dollars, for interest upon, and for the forbearance of divers sums of money, before then due, and owing from the defendant to the plaintiff, as such administratrix, and by the plaintiff forborne to the defendant, for divers long spaces of time, before then elapsed, at the special instance and request of the defendant, in consideration thereof, then and there promised the plaintiff, to pay her said sum on demand.

Also for that, at said Rockland, in said Knox county, on the 28th day of April, 1845, R. L. Jackson & Co. made and signed their promissory note, in the sum of seven hundred dollars, payable in sixty days after its date, to William McLoon, N. A. Farwell, and said A. G. Luce, or their order, at either bank in said Rockland; which note was on the same day indorsed by said McLoon, Farwell, and Luce, which note was discounted on the day of its date at the Rockland Bank, in said Rockland, by said R. L. Jackson & Co.,—said note having been made, and thus indorsed, by said indorsers, for the benefit of said R. L. Jackson & Co. to enable them to raise money upon it, said indorsers being mere accommodation indorsers, and afterwards, after said note had matured, and after the same had been duly protested by said Bank, for non-payment thereof, to wit, on the 31st .day of December, 1855, said Farwell paid said note, and interest, and cost of protest, to said Rockland Bank, amounting in all to eight hundred forty-eight dollars and fifty cents; he, together with the other said indorsers, having been duly notified by said bank, of the due presentment of said note, to the makers thereof, for payment, and the non-payment of the same by them; and he having been duly called upon by said bank, as one of the indorsers, to pay it.

And thereafterwards, to wit, on the 31st day of December, 1858, said Farwell demanded of said McLoon, to pay him said amount, that he had on that day paid said bank, on account of said note, which said McLoon then and there neglected and refused, and ever since has neglected and refused to do; of all which said defendant had notice.

The plaintiff avers, that after the said note was given, to wit, on the 30th day of April, 1855, said R. L. Jackson & Co. mortgaged to I. K. Kimball, of said Rockland, and said defendant, a large amount of personal property, to wit, their stock of goods, merchandise and tools, then in their store, occupied as a boot and shoe store, on Main street, in said Rockland, consisting of boots, shoes, leather, calf-skins, hats, caps, tools, and fixtures; which mortgage was given to secure a two thousand dollar note, dated April 28th,

1855, payable in sixty days from its date, to said mortgagees, and by them indorsed to the George's Bank, for the benefit of said mortgagers, and also to secure the payment of the seven hundred dollar note aforesaid.

And afterwards, to wit, on the 1st day of October, 1855, said defendant and said I. K. Kimball, the aforesaid mortgagees, without the knowledge or consent of said Andrew G. Luce, or the plaintiff, or said Farwell, discharged and cancelled said mortgage, and gave up to the mortgagers their claim to, and control over said mortgaged property, there being at the date of said mortgage, and all the time, up to the time of said discharge, more than enough of said mortgaged property in value to pay said notes secured, in the hands of the said mortgagers, subject to be taken by said mortgagees, at their option, by virtue of said mortgage, which mortgage was duly recorded, in the city clerk's office of said Rockland, on the 7th day of May, 1855, and which mortgaged property said defendant was legally bound to take, hold, and keep, for the benefit of said indorsers, of the said seven hundred dollar note, and as security against their liability upon said note. And the plaintiff avers, that when said note became payable, it belonged to said bank, and was then at said bank's office and place of business, in said Rockland, and was then and there, to wit, on the 30th day of June, 1855, presented for payment, and payment of the said note, according to its tenor, was then and there duly required of the makers thereof; but payment thereof was then and there refused, and no funds being then and there at said bank, belonging to said makers of said note; of all which the defendant, and said Farwell, and said A. G. Luce, who was then living, thereafterward, to wit, on the same day, had due notice; and that said Bank looked to them for payment, interest, cost, and damages.

And the plaintiff avers, that she, as the administratrix of the goods and estate of the said Andrew G. Luce, was called upon, on, to wit, the 24th day of December, 1864, by said Farwell, and required by him to contribute, and pay to him, three hundred eighty-four dollars and eight cents, as the share which she, as the

administratrix of said A. G. Luce's estate, was then legally bound to contribute, and pay to said Farwell, on account of his having paid said note as aforesaid—said three hundred eighty-four dollars and eight cents being one-third part of the sum so paid by said Farwell, and interest thereon, from the time he paid it, up to the time the plaintiff paid him said three hundred eighty-four dollars and eight cents, as aforesaid; and which said three hundred eighty-four dollars and eight cents, the plaintiff, as the administratrix of the said Andrew G. Luce's estate, then paid to said Farwell, being then legally bound and obliged to do so.

Wherefore, and in consideration whereof, the defendant then and there became liable, and promised the plaintiff, to pay her the said sum so paid by her, to said Farwell, to wit, three hundred eighty-four dollars and eight cents on demand.

And the plaintiff avers, that afterwards, on the same day of the payment of said sum by her to said Farwell, she demanded of the defendant the same sum, and then and there notified him that she had paid said amount to said Farwell, on account of his having paid said note, as aforesaid; but the defendant then and there, after having been so notified, and payment of said sum demanded of him as aforesaid, refused to pay the same.

The writ was dated Dec. 24, 1864.

Plea, general issue, and brief statement of the statute of limitations.

It was agreed that Luce died Feb. 20, 1860, and that the plaintiff was duly appointed and qualified as administratrix on his estate.

There was evidence tending to prove the facts alleged in the declaration.

*Peter Thacher*, for the plaintiff.

*A. P. Gould*, for the defendant.

DICKERSON, J.   On the 28th day of April, 1855, R. L. Jackson
& Co. gave their promissory note for $700, payable at either bank
in Rockland, in sixty days, to N. A. Farwell, William McLoon, and
A. G. Luce, who indorsed the note on the same day.   The note
was given for the benefit of the makers who obtained the money on
it at the Rockland Bank.

The makers gave said McLoon and I. K. Kimball a mortgage to.
secure this note and other notes, April 28, 1855, which was season-
ably recorded, and discharged, by order of the mortgagees, Oct 1,
1855.

Payment of the note was duly demanded, and notice given to
each of the indorsers; and it was taken up by N. A. Farwell, Dec.
29, 1858, who demanded one-third of the amount paid by him, of
the plaintiff, as administratrix of A. G. Luce, Dec. 24, 1864, which
she then paid by giving him her note.   This action was brought
Dec. 24, 1864, to recover of the defendant the amount thus paid
by the plaintiff.

The money counts are not relied upon in the argument, and if
they were, this action cannot be maintained upon these counts, as
the note was barred by the statute of limitations, when the plain-
tiff made the payment to Farwell, and no action could then have
been maintained on the note against the defendant.

It will be found, upon an examination of the case, that a like
fatality attends the special count in the writ.   This count sets forth
the facts upon which the plaintiff relies to fix the defendant's lia-
bility, upon the ground that he took the mortgage of April 28,
1855, to secure the note in question, and discharged it without
paying that note.   Without determining whether the allegations in
the special count, if proved, would be followed by the result claimed,
it will be observed that the defendant's liability, if any existed,
growing out of the mortgage and his discharge of the same, accrued
Oct. 1, 1855, when the mortgage was discharged.   The statute of
limitations would commence to run from that time.   The plaintiff
could not maintain an action against the defendant until she had
paid the note, or a part thereof, if the defendant incurred any lia-

bility on account of the mortgage.   Her cause of action, if any she had against the defendant on that account, would accrue when she made such payment.   But the defendant discharged the mortgage Oct. 1, 1855, and she made the payment to Farwell Dec. 24, 1864. The plaintiff's claim, therefore, if any she had against the defendant, was barred by the statute of limitations, when she made the settlement with Farwell, and that statute having been pleaded, this action cannot be maintained.

As this objection is decisive of the case, it becomes unnecessary to consider the other points raised in defense.

*Plaintiff  nonsuit.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and TAPLEY, JJ., concurred.